# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

MIGUEL ANGEL R. CORTES,

        Plaintiff,

v.                           CIVIL ACTION NO. 5:20-cv-00565

CRYSTAL, et al.,

        Defendants.

## PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 8.) Before this Court are the Application and Affidavit to Proceed Without Prepayment of Fees (ECF No. 1) and the State Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 3) filed by Plaintiff Miguel Angel R. Cortes ("Plaintiff"). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Plaintiff's complaint (ECF No. 3) be **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his equal protection and due process rights stemming from his biological daughter's adoption by another couple over his objection. (ECF No. 3 at 1, 8–11.) He avers that when he was

incarcerated in North Carolina, where he was living with his daughter, D.R.,[1] and her mother, Defendant Melissa Patton ("Melissa"), Melissa sent D.R. to live with Defendant Donna Patton ("Donna") in West Virginia without Plaintiff's consent. (*Id.* at 13–14.) He further alleges that while D.R. was in Donna's custody, Donna was accused of child abuse, and D.R. was removed from Donna's home, although Donna's son who is the same age as D.R. remained in her care. (*Id.* at 17.) According to Plaintiff, Defendant Shannon Bolen ("Bolen"), a state social services employee, conducted a seven-day investigation of the abuse allegations but did not contact him. (*Id.* at 17, 30.) Plaintiff avers that at the conclusion of the investigation, Defendants Elijah Thompson and Cortney Thompson (collectively, the "Thompsons") were granted temporary custody of D.R. (*Id.* at 18.) He alleges that Melissa, Donna, the Thompsons, and another individual who is not named as a party to this case worked together to facilitate D.R.'s adoption by the Thompsons. (*Id.* at 15, 18–20.)

According to Plaintiff, because he was incarcerated, Defendant Joseph M. Mosko ("Mosko"), an attorney, was appointed to represent his interests in D.R.'s adoption proceedings. (*Id.* at 22.) Plaintiff alleges that Mosko did not research the case and had only limited interaction with him before withdrawing from the representation to accept a job as a prosecutor. (*Id.* at 24–29.) He further alleges that Defendant Kenneth Starcher II ("Starcher"), who was appointed to replace Mosko, was unprepared for the adoption hearing because it occurred less than three weeks after his appointment. (*Id.* at 23–24, 28–29.) It appears that the Thompsons eventually adopted D.R. (*See id.* at 3; *see also* ECF No. 3-4 at 24–26.)

---

[1] Plaintiff's complaint refers to his daughter both by her initials and her full name at the time of her birth. (ECF No. 3.) Because she is a minor, the undersigned refers to her only by the initials of her name at the time of birth in this Proposed Findings & Recommendation.

## II.   LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e).  This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion

3

to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III.   ANALYSIS

*A. Melissa, Donna, the Thompsons, Mosko, Starcher, and Defendant Catherine B. Wallace are not state actors whose alleged conduct is actionable under 42 U.S.C. § 1983.*

In order to state a § 1983 claim, a plaintiff's complaint must plead facts alleging a "constitutional deprivation" that "occurred because of action taken by the defendant 'under color of . . . state law.'" *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (quoting *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). In this case, Plaintiff explicitly alleges that Melissa, Donna, and the Thompsons were *not* "acting under the authority or color of state law at the time [his claims against them] occurred." (ECF No. 3 at 3, 5.) Indeed, "[t]he traditional definition of acting under color of state law requires that the defendant . . . have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Davison*, 912 F.3d at 679 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)) (internal quotation marks omitted). "The totality of the circumstances" must reveal that the defendant's conduct "bore a sufficiently close nexus with the State to be fairly treated as that of the State itself." *Id.* at 680 (internal quotation marks omitted).

That is plainly not true here. Plaintiff alleges that Melissa violated his constitutional rights by failing "to inform him of [D.R.'s] whereabouts" and that Donna

4

did so by transporting D.R. from North Carolina to West Virginia without his consent. (ECF No. 3 at 9, 11.) He does not allege that they did so on the State's behalf. Further, Plaintiff avers that the Thompsons violated his constitutional rights by adopting D.R. (*Id.* at 9.) Although he alleges that the adoption was the result of a state court proceeding, the complaint lacks allegations to suggest that the Thompsons were acting as stand-ins for the State. Accordingly, the undersigned **FINDS** that Plaintiff's complaint does not establish a § 1983 claim of any kind against Melissa, Donna, or the Thompsons.

Plaintiff does allege that Mosko and Starcher, the attorneys appointed to represent his interests in the adoption proceeding, and Defendant Catherine B. Wallace ("Wallace"), who represented the Thompsons, acted "under the authority or color of state law." (*Id.* at 2–5.) However, neither a court-appointed nor a retained attorney is considered a state actor for purposes of a § 1983 action stemming from their conduct as counsel. *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (holding that state-appointed attorney in involuntary commitment proceeding not state actor); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) ("A private attorney who is retained . . . is not acting under color of state law . . . ."). Thus, the undersigned **FINDS** that Plaintiff's purported § 1983 claims against Mosko, Starcher, and Wallace necessarily fail.

B. *Plaintiff has not sufficiently alleged § 1983 claims against Bolen or Defendant Crystal.*

Plaintiff purports to bring a § 1983 equal protection claim against Bolen, the state social services employee who allegedly investigated the child abuse allegations, based on her alleged failure "to inform him of the incident of abuse concerning [D.R.]" despite her "direct knowledge of [Plaintiff's] name . . . and his whereabouts." (ECF No. 3 at 9.) "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been

5

treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Although the complaint need not specifically identify the comparator, it must nonetheless plead facts demonstrating that one exists. *Ruttenberg v. Jones*, 283 F. App'x 121, 131 (4th Cir. 2008) (per curiam) (affirming dismissal of equal protection claim that "fails to allege the existence of similarly situated individuals"); *Foster v. U.S. EPA*, No. 2:14-cv-16744, 2016 WL 4473453, at *9 (S.D.W. Va. Aug. 22, 2016) (dismissing equal protection claim because allegations contained "no information from which the court may determine that [other "regulated entities or properties"] were similarly situated to plaintiffs"). Plaintiff has not alleged that Bolen treated other incarcerated fathers whose children were believed to be victims of abuse differently or even that she contacted Melissa, D.R.'s mother, during her investigation. (ECF No. 3 at 17, 30.) As such, the undersigned **FINDS** that Plaintiff has not stated a § 1983 equal protection claim against Bolen.

Further, to the extent Plaintiff seeks to allege a § 1983 claim against Bolen based on a purported Fourth Amendment violation (*see id.* at 9), any such claim likewise fails. "The 'threshold question' in every Fourth Amendment case is whether a search or seizure occurred . . . ." *United States v. Stephens*, 764 F.3d 327, 331 (4th Cir. 2014). Plaintiff has not alleged that any search occurred in this case, and if D.R.'s placement with the Thompsons is considered an actionable seizure, the complaint attributes it to child protective services, *not* Bolen. (ECF No. 3 at 30.) Therefore, the undersigned **FINDS** that Plaintiff has not alleged a Fourth Amendment § 1983 claim against her.

Plaintiff's claims against Defendant Crystal ("Crystal") appear to be derivative of his claims against Bolen, as the only fact in the complaint about her is her status as Bolen's supervisor. (*Id.* at 2, 8.) "[S]upervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Even if Bolen could be said to have violated Plaintiff's constitutional rights, however, supervisory liability cannot be based on *respondeat superior*. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Rather, the constitutional deprivation must result from the supervisor's personal conduct. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw*, 13 F.3d at 799). Plaintiff has not alleged any facts about Crystal's actions. As such, the undersigned **FINDS** that his complaint does not state a § 1983 supervisory liability claim against her.

> *C. To the extent Plaintiff requests that this Court institute criminal proceedings against Melissa, Donna, and the Thompsons, such claims fail.*

As part of his requested relief, Plaintiff urges this Court to "Punish any person(s) that committed criminal offences [sic]." (ECF No. 3 at 12.) He alleges that Melissa, Donna, the Thompsons, and another individual who is not named as a party to this action "did willingly, intentionally, knowingly, and deliberately worked [sic] in concert to commit crimes punishable by law (to include but not limited to fraud, making false reports to authorities, aiding and abetting, taking a [sic] infant child across state lines without both parent's [sic] consent, kidnapping, and ect. [sic])." (*Id.* at 31.) However, as a general proposition, "[a] plaintiff cannot sue to enforce rights under criminal statutes; '[o]nly the government has the ability to imprison people and thus to enforce these statutes.'" *Cook v. Unisys Federal Gov't Grp.*, No. 7:14-cv-579, 2015 WL 5690928, at *6 (W.D. Va. Sept. 3, 2015) (quoting *Bey v. North Carolina*, No. 3:12-cv-454, 2012 WL

7

3528005, at *1 (W.D.N.C. Aug. 14, 2012)), *adopted by* 2015 WL 5690976 (W.D. Va. Sept. 28, 2015). Stated another way, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, the undersigned **FINDS** that Plaintiff is not entitled to his requested relief.

## IV.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's complaint (ECF No. 3) be **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Application and Affidavit to Proceed Without Prepayment of Fees (ECF No. 1) is **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to Judge Volk.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841,

846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

    ENTER:    January 8, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge